**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 05-238-T**

**BRENDA J. DI PIETRO,**
**Administratrix of the**
**Estate of Daniel E. DiPietro,**
**Plaintiff**

**VS.**

**DEAN A. PESANTE,**
**Defendant Third Party Plaintiff**

**VS.**

**ANDREW ACABBO,**
**Third Party Defendant**

**THIRD PARTY COMPLAINT**

Now comes the Defendant/Third Party Plaintiff, Dean A. Pesante (hereinafter referred to as "Pesante"), in the above-entitled action, by and through his undersigned counsel, and files his Third Party Complaint against Andrew Acabbo pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

**THE PARTIES**

1. Defendant/Third Party Plaintiff Pesante is an individual with a residence at 817 Tuckertown Road, Wakefield, Rhode Island 02879. At all times herein, Pesante was the owner of the F/V OCEANA, a 1998 38-foot Friendship fishing vessel (O.N. 1062747).

2. Third Party Defendant Andrew Acabbo is an individual with a residence at 466 Gooseberry Road, South Kingstown, Rhode Island. At all times herein, defendant was the owner/operator of a 21 foot Boston Whaler, Registration No. 9374 H.

**JURISDICTION**

3. This is a case of admiralty and maritime jurisdiction as more fully appears, and is an admiralty and maritime claim pursuant to 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

**INCIDENT**

4. On September 25, 2002, Plaintiff's decedent Daniel E. DiPietro was a passenger on the vessel owned by Third Party Defendant Andrew Acabbo. At the time, they were fishing in the vicinity of the east entrance to Point Judith (RI) Harbor of Refuge.

5. At the same time and location as set forth above, Defendant/Third Party Plaintiff Dean Pesante was operating the vessel with all due care.

6. At 1230 hours, a collision occurred between the vessel owned by Andrew Acabbo and the F/V OCEANA.

7. In the collision, Daniel E. DiPietro was lost and later found deceased.

8. The collision occurred due to the failure of Third Party Defendant Andrew Acabbo, inter alia, in the following aspects:

a. Failure to follow Good Seamanship rules
b. Failure to follow General Prudential rules to avoid immediate danger
c. Failure to maintain a proper lookout
d. Failure to properly determine the risk of collision
e. Failure to take appropriate and early action to avoid collision once the risk became apparent
f. Failure to sound any danger signal
g. Failure to maintain its vessel with the engine running
h. Such other and further acts as may be revealed in discovery

**COUNT I**

**CLAIM FOR CONTRIBUTION AGAINST ANDREW ACABBO**

9. Defendant/Third Party Plaintiff Dean Pesante realleges and reaffirms its allegations contained in Paragraphs 1 through 8, inclusive, and incorporates same by reference herein.

10. Plaintiff Brenda DiPietro maintains that decedent Daniel E. DiPietro died in the collision on September 25, 2002.

11. On June 16, 2005, Plaintiff Brenda DiPietro filed a Complaint against Defendant/Third Party Plaintiff Dean Pesante, alleging negligence under General Maritime Law, Rhode Island Law, and Rhode Island Common Law. A copy of the Complaint is attached hereto as Exhibit 1.

12. Defendant/Third Party Plaintiff Dean Pesante has filed an Answer to the Amended Complaint denying all substantive allegations and raising affirmative defenses. Copy of the Answer to the Complaint is attached hereto as Exhibit 2.

13. As a result of the negligence of Third Party Defendant Andrew Acabbo, Plaintiff Brenda DiPietro was proximately caused to sustain damages. If the Plaintiff is entitled to recover against Defendant/Third Party Plaintiff Dean Pesante, then Defendant/Third Party Plaintiff Dean Pesante is entitled to contribution from Third Party Defendant Andrew Acabbo.

**WHEREFORE**, Dean Pesante prays that Judgment enter against Andrew Acabbo for contribution for any and all damages that Dean Pesante is required to pay the Plaintiff

and/or that judgment enter against Andrew Acabbo in favor of Brenda DiPietro, including costs and expenses in defense of this action and for reasonable attorneys' fees.

**COUNT II**

**CLAIM FOR INDEMNITY AGAINST ANDREW ACABBO**

14. Defendant/Third Party Plaintiff Dean Pesante realleges and reaffirms its allegations contained in Paragraphs 1 through 13, inclusive, and incorporates same by reference herein.

15. Plaintiff Brenda J. DiPietro has filed a Complaint against Defendant/Third Party Plaintiff Dean Pesante, alleging that Defendant/Third Party Plaintiff Dean Pesante is responsible for the death of decedent, Daniel DiPietro on September 25, 2002.

16. Defendant/Third Party Plaintiff Dean Pesante has filed an Answer denying that he is responsible or liable to the Plaintiff for the damages allegedly sustained and at all material times herein acted with due care and propriety.

17. If the Plaintiff was, in fact, damaged as alleged which is specifically denied, then such damages were the result of the negligence of Third Party Defendant Andrew Acabbo, and not the responsibility or fault of Defendant/Third Party Plaintiff Dean Pesante.

18. If it is found that Defendant/Third Party Plaintiff Dean Pesante is responsible for the Plaintiff's damages, which is specifically denied, then Defendant/Third Party Plaintiff Dean Pesante is entitled to be indemnified for all damages he may be required to pay the Plaintiff, for all costs and expenses incurred in defense of this action, and for reasonable attorney fees.

**WHEREFORE**, Defendant/Third Party Plaintiff Dean Pesante prays that judgment enter against Third Party Defendant Andrew Acabbo for indemnification for any and all damages that Dean Pesante is required to pay the Plaintiff and/or that judgment enter against Andrew Acabbo in favor of Brenda J. DiPietro, including costs and expenses in defense of this action and for reasonable attorneys' fees.

**Respectfully Submitted**

By his attorney,

**Robert E. Collins**
**RI Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile, on

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA J. DI PIETRO,
Administratrix of the
Estate of Daniel E. DiPietro

Plaintiff

VS.

DEAN A. PESANTE

Defendant

C.A. NO. 05 238T

JURY TRIAL CLAIMED

## COMPLAINT AND JURY DEMAND

*Nature of Action*

1. This action seeks recovery for personal injuries and wrongful death as a result of the death of Daniel E. DiPietro on or about September 25, 2002 while a passenger on board a certain 21' Boston Whaler open motorboat (hereinafter "Boston Whaler") subsequent to its collision with the motor vessel "Oceana" (hereinafter "Oceana") within the territorial waters of the State of Rhode Island.

*Jurisdiction and Venue*

2. This Court has jurisdiction pursuant to the admiralty and maritime jurisdiction of the United States pursuant to 28 U.S.C. §1333.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claim occurred in this District.

FILED
MAY 27 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND



EXHIBIT "1"

4. This action seeks recovery for damages pursuant to Rhode Island General Laws § 10-7-1 *et seq.*, the Rhode Island Wrongful Death Act, This action further seeks recovery pursuant to Rhode Island General Laws § 46-22-15 (entitled 'Owner's Civil Liability'), as well as the common law of the State of Rhode Island.

*The Parties*

5. Plaintiff's decedent Daniel E. DiPietro was at all relevant times a citizen of the State of Rhode Island.

6. Plaintiff Brenda J. DiPietro brings this action in her capacity as duly appointed and presently acting administratrix of the Estate of Daniel E. DiPietro.

7. Defendant Dean A. Pesante was and still is an individual citizen and resident of the State of Rhode Island.

8. Upon information and belief the vessel "Oceana" was and still is a United States flagged vessel having an overall registered length of 39' and is now or will be during the pendency of this action within this district and within the jurisdiction of this Court.

*Allegations Common to All Causes of Action*

9. At all relevant times, Andrew Acabbo owned, operated, managed and controlled the "Boston Whaler."

10. At all relevant times, Defendant Dean A. Pesante owned, operated, managed and controlled the vessel "Oceana," which was outfitted as a commercial fishing boat.

11. At all relevant times, the events referred to herein occurred following the Plaintiff's decedent Daniel E. DiPietro's journey from the shore of the State of Rhode Island.

12. On or about September 25, 2002, Plaintiff's decedent Daniel E. DiPietro boarded the "Boston Whaler" as a passenger at Snug Harbor, within the State of Rhode Island.

13. On or about September 25, 2002, the vessel "Oceana" was caused to collide with the "Boston Whaler" in the vicinity of the Point Judith Lighthouse, near Point Judith, Rhode Island, within the territorial waters of the State of Rhode Island, causing damage to the "Boston Whaler."

14. As a direct and proximate result of the collision as aforesaid, and the damages sustained, Plaintiff's decedent Daniel E. DiPietro was caused to fall overboard from the "Boston Whaler."

15. As a direct and proximate result thereof, Plaintiff's decedent Daniel E. DiPietro was caused to sustain severe personal injuries and endure prolonged pain and suffering, ultimately resulting in his death by drowning within the territorial waters of the State of Rhode Island.

## COUNT I

*First Cause of Action*
*Admiralty/Maritime Claim*

16. Plaintiff repeats each and every allegation contained in paragraphs 1 through 15 with the same force and effect as if set forth at length herein.

17. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

18. On the said date and at the said time and location, Defendant Dean Pesante negligently failed to exercise ordinary care in the operation of his vessel "Oceana."

19. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro was caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Dean A. Pesante, his agents and/or employees by, among other things:

a. Failing to operate his vessel "Oceana" with due care under the prevailing circumstances;

b. Failing to maintain a proper lookout considering the prevailing circumstances;

c. Failing to use due care in steering his vessel "Oceana";

d. Failing to use due care in turning his vessel "Oceana";

e. Failing to property adjust and/or operate the radar unit on his vessel "Oceana";

f. Failing to monitor the radar unit on his vessel "Oceana";

g. Operating his vessel "Oceana" at an excessive speed considering the prevailing circumstances;

h. Failing to have a "spotter" on his vessel "Oceana";

i. Failing to take precaution to avoid a collision between his vessel "Oceana" and another boat.

20. As a direct and proximate result of the negligence of Defendant Dean A. Pesante as aforesaid, Plaintiff sustained damages, including but not limited to (a) the agonizing physical, mental and emotional pain and suffering and fear of impending death experienced by decedent Daniel E. DiPietro prior to his death by drowning; (b) loss of earnings and earning capacity that would have resulted from the continued life of the decedent; (c) funeral, rescue, and medical expenses; (d) loss of estate of the

decedent accumulated reasonably from the continued life of the decedent; and (e) other damages permitted by all applicable laws.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant DEAN A. PESANTE for compensatory damages, statutory interests and costs

COUNT II

*Second Cause of Action*
*Wrongful Death Pursuant to R.I. General Laws §§ 10-7-1 et seq.*

21. Plaintiff repeats each and every allegation contained in paragraphs 1 through 20 with the same force and effect as if set forth at length herein.

22. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

23. On the said date and at the said time and location, Defendant Dean A. Pesante negligently failed to exercise ordinary care in the operation of his vessel "Oceana."

24. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro were caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Dean A. Pesante, his agents and/or employees as more fully set forth herein.

25. As a direct and proximate result of the negligence of Defendant Dean A. Pesante as aforesaid, Plaintiff has sustained damages as more fully set forth herein.

26. Defendant Dean A. Pesante is liable to the Plaintiff pursuant to R.I. General Laws §§ 10-7-1 *et seq.* for the wrongful death of Plaintiff's decedent Daniel E.

DiPietro.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant DEAN A. PESANTE for compensatory damages pursuant to R.I. General Laws §§ 10-7-1.1, statutory interests and costs

## COUNT III

*Third Cause of Action*
*Liability Under R.I. General Laws § 46-22-15*

27. Plaintiff repeats each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if set forth at length herein.

28. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

29. On the said date and at the said time and location, Defendant Dean A. Pesante negligently failed to exercise ordinary care in the operation of his vessel "Oceana."

30. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro was caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Dean A. Pesante, his agents and/or employees as more fully set forth herein.

31. As a direct and proximate result of the negligence of Defendant Dean A. Pesante as aforesaid, Plaintiff has sustained damages as more fully set forth herein.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant DEAN A. PESANTE for compensatory damages pursuant to R.I. General Laws § 10-7-1.1, statutory interests and costs.

COUNT IV

*Fourth Cause of Action*
*Common Law Negligence*

32. Plaintiff repeats each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if set forth at length herein.

33. At all relevant times, Plaintiff's decedent Daniel E. DiPietro was in the exercise of due care.

34. On the said date and at the said time and location, Defendant Dean A. Pesante negligently failed to exercise ordinary care in the operation of his vessel "Oceana."

35. The injuries to and ensuing death of Plaintiff's decedent Daniel E. DiPietro was caused as a direct and proximate result of the breach and violation of the duty of care owed to Plaintiff's decedent by Defendant Dean A. Pesante, his agents and/or employees as more fully set forth herein.

36. As a direct and proximate result of the negligence of Defendant Dean A. Pesante as aforesaid, Plaintiff has sustained damages as more fully set forth herein.

WHEREFORE, Plaintiff BRENDA J. DI PIETRO demands judgment against the Defendant DEAN A. PESANTE for compensatory damages pursuant to R.I. General Laws § 10-7-1.1, statutory interests and costs

*Jury Trial Claim*

Plaintiff claims trial by jury on all issues so triable.

Plaintiff BRENDA J. DI PIETRO
Administratrix of the Estate of
Daniel E. DiPietro
By her Attorneys,

BREGGIA BOWEN & GRANDE
395 Smith Street, Providence, RI 02908
Telephone: (401) 831-1900
Facsimile: (401) 831-0129
Email: sbreggia@bbglaw.us

STEPHEN E. BREGGIA, #2865

Dated: May 27, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CIVIL ACTION
NO. 05-238-T

**BRENDA J. DI PIETRO,**
**Administratrix of the**
**Estate of Daniel E. DiPietro,**
**Plaintiff**

**VS.**

**DEAN A. PESANTE,**
**Defendant**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes the defendant in the above entitled action, by his counsel, and respectfully files an Answer to Plaintiff's Complaint as follows:

1. The allegations contained in paragraph 1 are statements of law to which no answer is required of this defendant. To the extent an answer is required, the defendant denies same.

2. The defendant admits the allegations contained in Paragraph 2.

3. The defendant admits the allegations contained in Paragraph 3.

4. The allegations contained in paragraph 4 are statements of law to which no answer is required of this defendant. To the extent an answer is required, the defendant denies same.

5. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies same.

6. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies same.

7. The defendant admits the allegations contained in Paragraph 7.

8. The defendant admits the allegations contained in Paragraph 8.

9. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies same.

10. The defendant admits the allegations contained in Paragraph 10.

11. The defendant denies the allegations contained in Paragraph 11.

12. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies same.

13. The defendant denies the allegations contained in Paragraph 13.

14. The defendant denies the allegations contained in Paragraph 14.

15. The defendant denies the allegations contained in Paragraph 15.

**COUNT I**

**First Cause of Action**
***Admiralty/Maritime Claim***

16. The defendant realleges and reaffirms its responses to paragraphs 1 through 15 inclusive, as though fully set forth herein.

17. The defendant denies the allegations contained in Paragraph 17.

18. The defendant denies the allegations contained in Paragraph 18.

19. The defendant denies the allegations contained in Paragraph 19, including subparts (a) through (i) inclusive.

20. The defendant denies the allegations contained in Paragraph 20.

**WHEREFORE**, the defendant prays this Honorable Court dismiss Count I of Plaintiff's Complaint together with costs and reasonable attorneys fees.

## COUNT II

**Second Cause of Action**
***Wrongful Death Pursuant to R.I. General Laws §§ 10-7-1 et seq.***

21. The defendant realleges and reaffirms its responses to paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. The defendant denies the allegations contained in Paragraph 22.

23. The defendant denies the allegations contained in Paragraph 23.

24. The defendant denies the allegations contained in Paragraph 24.

25. The defendant denies the allegations contained in Paragraph 25.

26. The allegations contained in paragraph 26 are statements of law to which no answer is required of this defendant. To the extent an answer is required, the defendant denies same.

**WHEREFORE**, the defendant prays this Honorable Court dismiss Count II of Plaintiff's Complaint together with costs and reasonable attorneys fees.

**COUNT III**

**Third Cause of Action**
***Liability Under R.I. General Laws §§ 46-22-15***

27. The defendant realleges and reaffirms its responses to paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. The defendant denies the allegations contained in Paragraph 28.

29. The defendant denies the allegations contained in Paragraph 29.

30. The defendant denies the allegations contained in Paragraph 30.

31. The defendant denies the allegations contained in Paragraph 31.

**WHEREFORE**, the defendant prays this Honorable Court dismiss Count III of Plaintiff's Complaint together with costs and reasonable attorneys fees.

**COUNT IV**

**Fourth Cause of Action**
***Common Law Negligence***

32. The defendant realleges and reaffirms its responses to paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. The defendant denies the allegations contained in Paragraph 33.

34. The defendant denies the allegations contained in Paragraph 34.

35. The defendant denies the allegations contained in Paragraph 35.

36. The defendant denies the allegations contained in Paragraph 36.

**WHEREFORE**, the defendant prays this Honorable Court dismiss Count IV of Plaintiff's Complaint together with costs and reasonable attorneys fees.

**AFFIRMATIVE DEFENSES**

Now comes the defendant and incorporates the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the defendant says that the plaintiff has failed to state a cause of action upon which relief can be granted under Counts **I**, **II**, **III** and **IV**.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff's decedent died as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff's decedent died as alleged, which is specifically denied,

those injuries were the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff was damaged as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's decedent's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of a fisherman of the plaintiff's decedent's experience and not due to any negligence or fault on the part of the defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that if the plaintiff's decedent died as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant asserts that this matter is governed by General Maritime Law, for which a right to a jury trial

is not present.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that any injury to the plaintiff resulted from assumption of risk, which the plaintiff assumed.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's complaint fails to set forth a cause of action upon which relief can be granted and/or seeks damage for which recovery is not allowed under State or General Maritime Law.

**WHEREFORE**, the defendant prays that the above **Complaint** be dismissed together with costs and reasonable attorney's fees.

By his attorney,

**CLINTON & MUZYKA, P.C.**

**Robert E. Collins**
**RI Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile on 7-7-05