UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRENDA J. DIPIETRO,
Administratrix of the
Estate of Daniel E. DiPietro

VS. C.A. No. 05-238-T

DEAN A. PESANTE

MOTION TO STRIKE AFFIRMATIVE DEFENSE

Now comes the Plaintiff BRENDA J. DIPIETRO in the above-entitled matter and pursuant to R.C.P. 12(f) moves to strike the fifth affirmative defense of limitation of liability pleaded by the Defendant in response to Plaintiffs' Complaint.

In support hereof, Plaintiff relies upon the memorandum of law filed herewith.

Plaintiff BRENDA J. DIPIETRO,
By her Attorneys,

BREGGIA BOWEN & GRANDE
395 Smith Street, Providence, RI 02908
Telephone: (401) 831-1900
Facsimile: (401) 831-0129

STEPHEN E. BREGGIA, #2865

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRENDA J. DIPIETRO,<br>Administratrix of the<br>Estate of Daniel E. DiPietro | : | |
| VS. | : | C.A. No. 05-238-T |
| DEAN A. PESANTE | : | |

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSE

Now comes the Plaintiff Brenda J. DiPietro and files the within *Memorandum of Law in Support of Plaintiff's Motion to Strike Affirmative Defense*. Plaintiff asserts she is entitled to an order striking the fifth affirmative defense of limitation of liability asserted by the Defendant for the following reasons:

- **The limitation defense is unavailable to the Defendant as**
  - **The Defendant was privy to the acts of negligence alleged by the Plaintiff that resulted in the death of the Plaintiff's Decedent as he both owned and operated the vessel that collided with the boat occupied by Plaintiff's Decedent**
  - **The Defendant admitted in his answer to the complaint that he was the operator of the offending vessel at the time of the incident**
  - **The Plaintiff has alleged that the Defendant's negligent conduct is the sole cause of the incident and resulting death of Plaintiff's Decedent**

**Facts**

On or about September 25, 2002 Plaintiff's decedent Daniel E. DiPietro (hereinafter Decedent) was aboard a 21 foot Boston Whaler motorboat operated by Andrew Acabbo, the owner of the vessel.[1] While in Rhode Island waters in the vicinity of Point Judith Lighthouse, a 39 foot fishing vessel (hereinafter the '*Oceana*') owned and operated by Defendant Dean A. Pesante collided with the Boston Whaler. (See redacted copies of pgs. 1-3 of *United States Coast Guard Enforcement Summary* marked Exhibit A appended hereto and made a part hereof). As a result of the collision, the Decedent was thrown overboard, sustained injury and drowned.

**Legal Argument**

In response to Plaintiff's complaint, the Defendant has, *inter alia*, affirmatively asserted limitation of liability as a defense.[2] See Limitation of Liability Act, 46 U.S.C.App. §§ 183 *et seq*. The Act "restricts the financial liability of a ship owner to the value of the vessel and its freight when the vessel is involved in an accident caused without the ship owner's privity or knowledge." *Keller v. Jennette*, 940 F.Supp. 35, 37 (D. Mass. 1996), quoting *Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1227 (11th Cir. 1990).

---

[1] Acabbo is the named plaintiff in the related matter of Acabbo v. Pesante, C.A. No. 03-154 T currently pending in this Court.

[2] The Defendant states the Decedent died as a result of actions that occurred "without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight". The Defendant further asserts he is entitled to the benefit of any and all laws of the United States, including but not limited to 46 App. U.S.C.A. §183(b).

When addressing whether a ship owner is entitled to the defenses afforded by the Limitation of Liability Act, the Court will generally conduct a two-step inquiry:

> First, the court must determine what negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.

*In Re Complaint of Martin*, 18 F.Supp.2d 126, 127 (D.Mass. 1998) *quoting* Farrell Lines, *Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir.1976). However, as illustrated by the United States District Court for the District of Massachusetts, the approach taken when conducting this analysis varies depending upon the facts and circumstances of the matter under consideration.

In *Keller v. Jennette*, 940 F.Supp. 35 (D. Mass. 1996), the court held that the burden of proving lack of knowledge or privity shifted to the ship owner only after the injured party has demonstrated negligence, while the court in *In Re Complaint of Martin* 18 F.Supp.2d 126, 128 (D. MA 1998), concluded that "where no limitation of liability appears possible from the pleadings and preliminary discovery, this court finds that the wiser approach is for the court to consider the validity of Plaintiff's limitations claim prior to addressing the negligence issue." As this Court's decision concerning Plaintiff's motion necessarily turns on this issue, both opinions bear closer scrutiny.

In the Keller case, the decedent Kay Jennette was a guest aboard a sailboat, the *S/V Compound Interest*, sailing from Block Island to Newport. 940 F.Supp. 35 (D. Mass. 1996). With Keller, the owner of the vessel, at the helm, the sailboat was "stirred" by a wake created by a larger ship. *Id*. at 36. This caused the "mainsail to jibe." *Id*. The decedent was found lying on the deck immediately after, seriously injured. *Id*. It was later determined that Jennette had died as a result of "blunt trauma to neck" as a result

of being struck by "a swinging boom." *Id.*

Keller filed a Petition for Exoneration From or Limitation of Liability, Civil and Maritime in the U.S. District Court seeking protection under the Limitation of Liability Act. *Id.* at 36. Keller hoped to limit his liability for Jennette's death to the value of his sailboat. *Id.* Jennette's survivors countered by filing an action for wrongful death against Keller in the state Superior Court and thereafter moved to dismiss Keller's petition. *Id.* Jennette's motion was based upon two arguments. The first was that Keller's vessel was a pleasure boat and therefore excluded from protection under the Limitation of Liability Act. *Id.* at 37. This assertion failed, and is otherwise irrelevant to the Court's analysis here. *Id.* Jennette's second argument however was that Keller was privy to the acts of negligence alleged as he was at the helm of the vessel at the time of the incident. *Id.* at 38.

The *Keller* court pointed out that Congress did not give vessel owners "unqualified protection." *Id.* An exception was written into the Limitation of Liability Act "for damages caused with the privity or knowledge of the vessel owner." *Id.*

> "Privity or knowledge" is defined as " 'personal participation of the owner in some fault, or act of negligence, causing or contributing to the loss, or some personal knowledge or means of knowledge, of which he is bound to avail himself of a contemplated loss, or conditions likely to produce or contribute to the loss, without adopting appropriate means to prevent it. There must be some personal concurrence, or some fault or negligence on the part of the owner himself, or in which he personally participates, to constitute such privity, within the meaning of the [Limitation] Act, as will exclude him from the benefit of its provisions.' " *Petition of M/V Sunshine, II*, 808 F.2d 762, 763-764 (11th Cir. 1987), quoting *Lord v. Goodall, Nelson & Perkins S.S. Co.*, 15 F.Cas. 884 (C.C.Cal.1877). In other words, if the court finds that negligence or an unseaworthy condition was a substantial cause of Kay Jennette's death, it may then find Keller liable for the full measure of damages if it finds "privity or knowledge" on his part. See *M/V Sunshine, II*, 808 F.2d at 765.

Keller v. Jennette, supra at 38. Yet, although the parties agreed Keller was at the helm at the time of the injury to Jennette, the court found that "[t]he owner's presence [was] not necessarily fatal to his right to limit if the evidence suggests that his conduct was in all respects prudent." Id., *citing* Petition of M/V Sunshine, II, 808 F.2d at 765. The court concluded, in pertinent part that the Limitation of Liability Act would not apply to Keller if Jennette's death "was caused by negligence" . . . "and Keller was privy to or knowledgeable of the causative condition." Id. at 39.

In In re Complaint of Martin, Cerce suffered injury while a passenger on a vessel, *Flicka*, captained by Martin. 18 F.Supp.2d 126 (D.Mass. 1998). Cerce alleged that Martin was operating the vessel at an excessive speed in rough seas resulting in her injury. Id. at 127. Martin filed a Petition for Exoneration From or Limitation of Liability and Cerce moved for summary judgment. Id.

When passing upon Cerce's motion, the Martin court framed its inquiry as a determination as to whether or not it could "rule on the limitation of liability issue alone or whether it must first decide the negligence question." Id. The Court decided it could, and did, rule upon the limitation of liability alone. Id. Referencing Martin's complaint wherein he admitted "[h]e was at all times material to this action the sole owner and operator of [the vessel] *Flicka*"; and an affidavit submitted by him in opposition to Cerce's motion in which he asserted "[he] was the owner/operator of [the vessel] *Flicka* during all relevant times"; the court reasoned "[i]f there was negligence in the operation of the vessel *Flicka*, therefore, only Plaintiff [Martin] could be liable for it." Id. at 128. "In such an instance, either privity or knowledge exists, and limitation of liability must be denied." Id., *See* Joyce v. Joyce, 975 F.2d 379, 385 (7th Cir. 1992); In re Complaint of

Marine Sports, Inc., 840 F.Supp. at 49; *In re Complaint of Ingoglia*, 723 F.Supp. at 515.

The court properly held that Martin's admissions served to "undermine his limitations petition" and it was dismissed as a result. *Id.* at 129. Notwithstanding Martin's assertion that he "piloted the boat with reasonable care" the court refused to consider the merits of the underlying tort claim finding that Martin failed to make a prima facie showing that he was entitled to the protection afforded by the Limitation of Liability Act in the first instance. *Id.* The court went on to say that the only question raised by Cerce's motion was whether there existed a "disputed issue of material fact as to [Martin's] privity with the operator of the vessel." *Id.* (emphasis added). In the face of Martin's admissions, the court found no such issue. *Id.*

Lastly, the *Martin* court distinguishes the *Keller* decision on its facts stating that "the claimant [Jennette] did not allege that [Keller] the owner/operator who was seeking to limit his liability was the only possible negligent party. Instead, the claimant asserted that his injuries were caused, at least in part, by the negligent operation of another vessel. And so, the court's holding in Keller does not apply here." *Id.*

The Plaintiff asserts that under either *Keller* or *Martin*, this Court would reach the same conclusion. However, as the Defendant has admitted to both his ownership, and operation of, the vessel *Oceana* at the time it collided with Acabbo's Boston Whaler, Plaintiff would urge the Court to employ the *Martin* analysis and strike the Defendant's limitation of liability defense.[3] (See also Exhibit A, wherein the mate on the *Oceana*

[3] In paragraph 10 of the complaint, Plaintiff alleges that "[a]t all relevant times, Defendant Dean A. Pesante owned, operated, managed and controlled the vessel "*Oceana*," which was outfitted as a commercial fishing boat.

In paragraph 10 of his answer, the Defendant responds to this allegation by stating "[t]he defendant admits the allegations contained in Paragraph 10.

places the Defendant, the captain, in the pilothouse at the time of the collision).[4]

**Conclusion**

In light of the foregoing, Plaintiff prays this Honorable Court enter an order striking Defendant's defense of limitation of liability.

Respectfully submitted,

Plaintiff BRENDA J. DIPIETRO,
By her Attorneys,

BREGGIA BOWEN & GRANDE
395 Smith Street, Providence, RI 02908
Telephone: (401) 831-1900
Facsimile: (401) 831-0129

STEPHEN E. BREGGIA, #2865

CERTIFICATION

I hereby certify I mailed a true copy of the within *Memorandum of Law* by regular mail, postage prepaid to Robert E. Collins, Esq., CLINTON & MUZYKA, P.C., One Washington Mall, Suite 1400, Boston, MA 02108 on **July 28, 2005**.

It is worthy pointing out that the Defendant answered similarly to the complaint filed in the related matter of Acabbo v. Pesante. See fn. 1.

[4] The Defendant also made a "spontaneous declaration" to a R.I. Department of Environmental Officer that "he never saw the other boat."