UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CIVIL ACTION
NO. 05-238-T

BRENDA J. DIPIETRO,
Administratrix of the
Estate of Daniel E. DiPietro,
Plaintiff

vs.

DEAN A. PESANTE,
Defendant

**DEFENDANT, DEAN A. PESANTE'S, OPPOSITION TO PLAINITFF, BRENDA J. DIPIETRO'S, MOTION TO STRIKE AFFIRMATIVE DEFENSE PURSUANT TO RULE 12(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now comes the defendant, Dean A. Pesante, in the above entitled action, by and through his attorneys, Clinton & Muzyka, P.C., files its Opposition to Plaintiff, Brenda J. DiPietro's, Motion to Strike Affirmative Defense Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure as follows:

## I. BACKGROUND

This matter involves a complaint for wrongful death brought by the Administratrix of the Estate of Daniel E. DiPietro. Mr. DiPietro was a passenger and/or joint venturer aboard a 21 foot Boston Whaler motor boat, owned and operated by Andrew Acabbo. On September 25, 2002, a collision ensued at the entrance to Point Judith Harbor between the 21 foot Boston Whaler, owned and operated by

Andrew Acabbo and the F/V OCEANA, owned and operated by defendant, Dean A. Pesante. In the collision, plaintiff maintains that Daniel DiPietro sustained injury and drowned.

## II. PROCEDURAL BACKGROUND

The plaintiff filed suit on May 27, 2005. Defendant filed his Answer to the Complaint on July 11, 2005. Concurrent with filing the Answer to the Complaint, defendant, Dean A. Pesante, filed a Third Party Complaint against Andrew Acabbo. In the defendant's Answer to the Complaint, the defendant raised limitation of liability as an affirmative defense.

Plaintiff has filed a Motion to Strike the affirmative defense of limitation of liability, under Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff maintains that because defendant, Dean A. Pesante, was the owner/operator of the vessel and was at the helm, he is, as a matter of law, not entitled to raise limitation of liability as an affirmative defense. Defendant maintains that plaintiff has misstated the law and that the motion should be denied.

## III. ARGUMENT

### A. Standard of review.

In reviewing a Motion to Dismiss, this Honorable Court must accept the allegations of the Complaint as true, and

if, under any theory, the allegations are sufficient to state a cause of action in accordance with the law, this Honorable Court must deny the Motion to Dismiss. *Vartanian v. Monsanto Co.*, 14 F.3rd 397 (1st Cir. 1994); *Knight v. Mills*, 836 F.2nd 659 (1st Cir. 1997).

**B. Limitation of Liability**

Limitation of liability proceedings under 46 U.S.C. §181, et. seq., allow a vessel owner to limit liability for damage or injury, occasioned without the owners privity or knowledge, to the value of the vessel or the owner's interest in the vessel. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001); *Cape Fear, Inc. v. Martin*, 312 F.3rd 496 (1st Cir. 2002). The right to limit liability can be raised either by filing a limitation of liability petition, pursuant to 46 U.S.C. §183 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, or as an Affirmative Defense in an Answer. *Sena v. Hawaii Cruises, Ltd.*, 181 F.3rd 1041 (9th Cir. 1999). *Langes v. Green*, 282 U.S. 531 (1931), established that a shipowner can set up limitation as a defense by pleading the substantive protections of the limitation act in an Answer to a Complaint filed in any Court, including one filed in State Court. That was the procedure employed herein. Plaintiff filed its Complaint for wrongful death

under state and federal law and defendant filed an Answer, including an affirmative defense of limitation of liability.

When limitation of liability is set up as an affirmative defense, the matter proceeds to trial on liability, either to a jury or a non-jury, depending upon the pleadings. If liability is found, the second - stage determination is heard by the Court. See for example, *Carr v. PMS Fishing Corporation,* 191 F.3rd 1, 4 (1st Cir. 1999), where the matter proceeded to trial on a seaworthy causation issue and, thereafter, the limitation of liability affirmative defense was decided by the Court.

In *Carr,* the First Circuit noted as follows:

> LOL proceedings lend themselves to a bifurcated analysis. See Estate of *Muer v. Carvel,* 146 F.3rd 410, 415-16 (6th Cir. 1998) (collecting cases); *Joia,* 817 F.2nd at 912. First, the Court must determine whether negligence or unseaworthiness caused the accident. Second, the Court must determine whether the shipowner was privity, or had knowledge of the causative agent (whether negligence or unseaworthiness)…in all events, an entitlement to limitation requires an antecedent finding that the vessel owner was not privity to, and had no knowledge of, the decisive act of negligence or condition of unseaworthiness.

Thus, to the extent that plaintiff maintains that District Judge Tauro's decision in *In re The Complaint of David Martin,* 18 F.Supp. 2nd 126 (D.Ma. 1998), allows this Honorable Court to proceed to the limitation of liability

defense before a determination of negligence and/or unseaworthiness is made, that decision is impliedly overruled by the explicit language in *Carr v. PMS Fishing Corporation*, 191 F. 3rd 1, 4 (1st Cir. 1999).

*Keller v. Jeannette*, 940 F.Supp. 35 (D.Ma. 1996), held that as there must be some personal fault or negligence on the part of the owner, or concurrence with the fault of another to deny the right to limit: the fact that the owner was aboard the vessel and at the helm of the vessel does not in itself establish his privity or knowledge to the fault of another person on the vessel. See also, *Suzuki of Orange Park, Inc. v. Schubert*, 86 F.3rd 1606 (11th Cir. 1996); *In re M/V SUNSHINE II*, 808 F.2ND 762 (11TH Cir. 1987). Thus, the mere fact that Dean A. Pesante was the owner/operator and at the helm, does not, as a matter of law, preclude him from raising limitation of liability as an affirmative defense. District Judge Tauro in *In re The Complaint of David Martin*, 18 F.Supp. 2nd 126 (D.Ma. 1998), distinguished *Keller* on the basis that the vessel owner in *Keller* was claiming fault of another. *Id.* at 129. That is exactly the situation alleged herein. Concurrent with filing his Answer, defendant, Dean A. Pesante, filed a third party action against Andrew Acabbo, the owner/operator of the 21 foot Boston Whaler. The Third

Party Complaint alleges contribution and/or indemnity and asserted that Mr. Acabbo was solely responsible for the collision.

**C. Reference to United States Coast Guard report.**

In her Motion to Dismiss the affirmative defense, plaintiff referenced the United States Coast Guard report of the incident. 46 U.S.C. §6308 prohibits admission in evidence of Coast Guard investigation reports except in an administrative proceedings instituted by the United States. As plaintiff has used an inadmissible document in support of her claim, defendant prays this Honorable Court strike any consideration of this document in its decision. *Andrews v. Bechtel Power Corp.*, 780 F.2nd 124 (1st Cir. 1985). Further, defendant asserts that the Coast Guard proceedings do not constitute a final judgment as the matter is currently on appeal, and is, therefore, inadmissible.

**IV. CONCLUSION**

For all of the above mentioned reasons, defendant, Dean A. Pesante, prays this Honorable Court deny plaintiff's Motion to Strike affirmative defense. In a Motion to Dismiss, this Honorable Court must assume all facts in favor of the defendant. Here, the defendant has denied that he was responsible for the collision and,

therefore, asserts the right to raise limitation of liability as an affirmative defense.

Respectfully Submitted,

By his attorneys,

**CLINTON & MUZYKA, P.C.**

Robert E. Collins

**Robert E. Collins**
**BBO NO. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile, on 8-12-05

Robert E. Collins

15: 05

FILED